David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352

-------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

|  |  |
|---|---|
|  | ECF CASE |
| FIREMAN'S FUND INSURANCE CO. |  |
| Plaintiff, | 08 Civ. 3770 (PKC) |
| - against - | **COMPLAINT** |
| ANTHONY AUGLIERA, INC. |  |
| Defendant. |  |

-------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendant:

## FIRST CAUSE OF ACTION

1.  Plaintiff Fireman's Fund Insurance Company is a corporation organized under the laws of, and with its principal place of business in, the State of California. Plaintiff sues as subrogated insurer of the shipment having paid the insurance claim of Warner Brothers, Time Warner Entertainment, and STA Productions, Inc. Plaintiff also sues for and on behalf of its insureds to the extent their losses exceed the insurance claim payment.

2.  Defendant Anthony Augliera, Inc. is believed to be a corporation organized under the laws of, and with its principal place of business in, the State of

Connecticut, and was at all material times engaged in the business of interstate common carriage of cargo for hire and the provision of services related thereto.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this action arises from the carriage of goods in interstate commerce and is governed by federal statutes and common law related thereto, including the Carmack Amendment to the Interstate Commerce Act of 1887 ("Carmack"), 49 U.S.C. § 14706.

4. Concurrently there is diversity jurisdiction pursuant to 28 U.S.C. § 1332, in addition to pendent and supplemental jurisdiction as to certain aspects of the claim in suit, including those matters arising under state law.

5. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6. Plaintiff seeks recovery for cargo loss and damage caused by defendant's breaches of contracts and torts.

7. Upon information and belief defendant at all material times conducted business within the State of New York, including the pick up, carriage and delivery of cargo, and the provision of services related thereto, and maintained routes for transport of cargo through and within the state of New York. Accordingly, defendant is subject to the *in personam* jurisdiction of this Court.

8. Defendant was at all material times a receiving and/or delivering carrier within the meaning of the Carmack Amendment.

9. This action involves nondelivery, shortage, and loss to theatrical effects, wardrobe items, production sets, including items relating to the production "Show Time

at the Apollo" (hereinafter "the shipment"), and which was received into the custody and control of defendant in or about October 2006 for purposes of interstate roundtrip transport between New York City and West Haven, Connecticut, with intended intermediate storage in defendant's storage facility. (TransGuard Ins. Co. of America, Inc. ref.: 06PK-3091TC)

10.    Defendant failed to make delivery of the cargo to plaintiff's subrogor and has failed to explain the loss of the shipment.  Instead on or about November 1, 2006 defendant represented that the shipment had been destroyed.

11.    Said nondelivery, shortage and loss was the result of defendant's reckless failure to properly and safely carry, protect, store and care for the cargo in suit.

12.    By reason of the aforesaid, plaintiff has sustained damages in the amount of $218,445.21, no part of which has been paid although duly demanded.

13.    Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

14.    Plaintiff, and those on whose behalf it sues, has performed all conditions precedent required under the premises.

## SECOND CAUSE OF ACTION

15.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 14 of this complaint.

16.    On or about October 2006 the shipment in suit was delivered in good order and condition into the custody and control of defendant for purposes of interstate carriage and storage.

17. Defendant failed to deliver the shipment to plaintiff's subrogor and has made no delivery of any kind of the shipment.

18. As a result of the aforesaid, defendant is liable to plaintiff, without limitation of any kind, as common carrier, forwarder, warehouseman-for-hire and/or bailee-for-hire.

### THIRD CAUSE OF ACTION

19. Plaintiff repeats and realleges the allegations set forth in paragraphs 1, 2, 4-7, and 9 through 14 of this complaint.

20. Defendant converted the shipment to its own usage.

### FOURTH CAUSE OF ACTION

21. Plaintiff repeats and realleges the allegations set forth in paragraphs 1, 2, 4-7, and 9 through 14 of this complaint.

22. The loss of the shipment in suit was caused in whole or in part by the negligence of defendant, including but not limited to the breach of its duties to properly attend to, care for, store, warehouse, guard, carry and protect the cargo during all periods of custody.

23. Said breaches of duties by defendant proximately caused the shipment to be lost and/or stolen as hereinabove set forth.

WHEREFORE, plaintiff demands judgment against defendant:

    a) for the sum of $218,445.21;

    b) for prejudgment interest at the rate of 9% *per annum* from October 3, 2006;

    c) for the costs of this action;

    d) for such other and further relief as

this Court deems proper and just.

Dated:   New York, New York
         April 21, 2008

                Law Offices
                DAVID L. MAZAROLI

                *s/David L. Mazaroli*

                _____
                David L. Mazaroli (DM3929)
                Attorney for Plaintiff
                11 Park Place - Suite 1214
                New York, New York 10007
                Tel. (212)267-8480
                Fax: (212)732-7352
                E-mail: dlm@mazarolilaw.com
                File No. 8XRK-1635