DONNA M. RUSSO (DR-7937)
Attorney for Defendant ANTHONY AUGLIERA, INC.
47 Hunt Lane
Staten Island, New York 10304
Telephone (718) 667-7777
Telephone (973) 701-0044
Cellular (201) 247-8808
Facsimile (973) 701-7171

----------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

                                DOCKET No. 08CV-3770

FIREMAN'S FUND INSURANCE COMPANY

            Plaintiff,

            -against-

ANTHONY AUGLIERA, INC.

            Defendant.

---------------------------------x


## DEFENDANT'S ORIGINAL ANSWER


Defendant, ANTHONY AUGLIERA, INC. (hereinafter referred to as "Defendant"), through its attorney, Donna M. Russo, Esq., by way of its Answer and Affirmative Defenses to the original complaint of Plaintiff, files this original answer as follows:

## FIRST CAUSE OF ACTION

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiff's First Cause of Action as set forth in its complaint.

Defendant admits the allegations set forth in Paragraph 2 of Plaintiff's First Cause of Action as set forth in its complaint.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's First Cause of Action as set forth in its complaint.

Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 4 of Plaintiff's First Cause of Action as set forth in its complaint.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's First Cause of Action as set forth in its complaint.

Defendant denies that it breached any contracts or torts and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of Plaintiff's First Cause of Action as set forth in its complaint.

Defendant admits that it has conducted business within the State of New York including the pick up, carriage and delivery of cargo and the provisions of services related thereto but Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of Plaintiff's First Cause of Action as set forth in its complaint.

Defendant admits the truth of the allegations contained in Paragraph 8 of Plaintiff's First Cause of Action as set forth in its complaint.

Defendant admits that a shipment of uninventoried items was received into the custody and control of Defendant in or about October 2006 for transport between New York City and Defendant's place of business in West Haven, Connecticut but Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of Plaintiff's First Cause of Action as set forth in its complaint.

Defendant admits that it did not make delivery of the contents to Plaintiff's subrogor and that the storage contents had been disposed of but Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiff's First Cause of Action as set forth in its complaint.

Defendant denies that said nondelivery, shortage and loss was the result of Defendant's reckless failure to properly and safely carry, protect, store and care

for the cargo in suit.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's First Cause of Action as set forth in its complaint.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's First Cause of Action as set forth in its complaint.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's First Cause of Action as set forth in its complaint.

Defendant denies each and every allegation not heretofore specifically admitted, denied or controverted.

**WHEREFORE**, Defendant, **ANTHONY AUGLIERA, INC.** demands judgment dismissing the Complaint as against Defendant, **ANTHONY AUGLIERA INC.**, together with costs and disbursements, interest and reasonable attorney's fees.

## SECOND CAUSE OF ACTION

Defendant repeats, reiterates and realleges its responses to Plaintiff's allegations set forth in Paragraphs 1 through 15 of Plaintiff's complaint as though fully set forth herein.

Defendant admits that on or about October 2006, the subject shipment was delivered into the care, custody and control of Defendant for purposes of interstate carriage and storage, however, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Second Cause of Action as set forth in its complaint.

Defendant admits the truth of the allegations contained in Paragraph 17 of Plaintiff's Second Cause of Action.

Defendant denies that it is liable to Plaintiff without limitation of any kind as is alleged in Paragraph 18 of Plaintiff's Second Cause of Action as set forth in its complaint.

Defendant denies each and every allegation not heretofore specifically

admitted, denied or controverted.

**WHEREFORE**, Defendant, **ANTHONY AUGLIERA, INC.** demands judgment dismissing the Complaint as against Defendant, **ANTHONY AUGLIERA INC.**, together with costs and disbursements, interest and reasonable attorney's fees.

### THIRD CAUSE OF ACTION

Defendant repeats, reiterates and realleges its responses to Plaintiff's allegations set forth in Paragraphs 1 through 20 of Plaintiff's complaint as though fully set forth herein.

Defendant denies that it converted the shipment to its own usage as set forth in Paragraph 20 of Plaintiff's Third Cause of Action as set forth in its complaint.

Defendant denies each and every allegation not heretofore specifically admitted, denied or controverted.

**WHEREFORE**, Defendant, **ANTHONY AUGLIERA, INC.** demands judgment dismissing the Complaint as against Defendant, **ANTHONY AUGLIERA INC.**, together with costs and disbursements, interest and reasonable attorney's fees.

### FOURTH CAUSE OF ACTION

Defendant repeats, reiterates and realleges its responses to Plaintiff's allegations set forth in Paragraphs 1 through 23 of Plaintiff's complaint as though fully set forth herein.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Fourth Cause of Action as set forth in its complaint.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Fourth Cause of Action as set forth in its complaint.

Defendant denies each and every allegation not heretofore specifically

admitted, denied or controverted.

**WHEREFORE**, Defendant, **ANTHONY AUGLIERA, INC.** demands judgment dismissing the Complaint as against Defendant, **ANTHONY AUGLIERA INC.**, together with costs and disbursements, interest and reasonable attorney's fees.

### AFFIRMATIVE DEFENSES

As further, separate and affirmative defenses to the Complaint and each cause of action thereof it is alleged:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by its own breach of contract and breach of duty.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is seeking to recover an amount far in excess of the value of the subject storage lot.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or damages, if any, were caused in whole or in part by their own comparative fault and/or the comparative fault of others.

### SIXTH AFFIRMATIVE DEFENSE

The relief sought by the complaint is barred because no duty is owed to the Plaintiff by the Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or damages, if any, should be barred and/or reduced as a result of estoppel, set-off, release and waiver and further, that Plaintiffs' damages, if any, are contractually limited.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or damages, if any, should be barred and/or reduced as a result of their failure to mitigate.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' damages are limited by the provisions of the Carmack Amendment to the ICC Termination Act of 1955 as codified in 49 USC §1302 et. seq. and by Defendant's published tariffs.

### TENTH AFFIRMATIVE DEFENSE

The services performed by Defendant were done so in a non-negligent manner. Any damages alleged by the Plaintiff is the result of Plaintiff's own negligence or the negligence of third parties over which Defendant had no control.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for lack of jurisdiction over the subject matter and over the person of the Defendant and therefore, Defendant reserves the right to dismiss the Complaint at or prior to the time of trial.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant breached no duty owed to Plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant asserts lack of sufficiency of process and service of process and reserves the right to dismiss the Complaint at or prior to the time of trial.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any damages alleged by the Plaintiff is the result of its own negligence.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary or indispensable parties without whom this action cannot proceed.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages are limited by the doctrine of avoidable consequences.

### SEVENTEENTH AFFIRMATIVE DEFENSE

No act or omission of Defendant caused or substantially contributed to any damages claimed by Plaintiffs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its answer and to assert additional defenses and supplement, alter or change the answer upon completion of the appropriate investigation and discovery.

### NINETEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any loss or damage alleged in the Complaint, then, upon information and belief, such loss or damage was not the result of any breach or tortious act by Defendant but caused in whole or in part by the acts, neglect, culpable conduct and assumption of risk of the Plaintiffs, other third party entities, other parties to this litigation or agents, servants, or employees of such entities, and Defendant is therefore entitled to dismissal or reduction of any recovery had by the Plaintiffs in proportion which the culpable conduct attributable to the Plaintiffs, other third entities, or its agents bear to the culpable conduct which caused the damage complained of.

### TWENTIETH AFFIRMATIVE DEFENSE

Any damage alleged suffered by the Plaintiffs resulted from the acts and/or omissions of certain third parties for whose conduct Defendant is not responsible.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

If Plaintiffs sustained any loss or damage alleged in the Complaint, then, upon information and belief, such loss or damage was not the result of any breach or tortious act by Defendant but caused in whole or in part by the acts, neglect,

culpable conduct and assumption of risk of the Plaintiffs, other third party entities or other parties to this litigation or the agents, servants, or employees of such entities, and Defendant is therefore entitled to dismissal or reduction of any recovery had by the Plaintiff in proportion which the culpable conduct attributable to the Plaintiff, other named Defendants, other third party entities or the agents, servants, or employees of such entities bear to the culpable conduct which caused the damage complained of.

### **TWENTY-SECOND AFFIRMATIVE DEFENSE**

The liability of the Defendant, if any, which is denied, is in all event subject to, and limited by, the terms and conditions of the Bill of Lading, contract, on-hand notice, delivery order, delivery receipt, and/or applicable provisions of the Interstate Commerce Act, 49 U.S.C. Section 1, et seq., the "Carmack Amendment", 49 U.S.C. Section 4705, et seq., the New York Uniform Commercial Code, and all other legislation limiting liability, providing for filing of claims and requiring that a suit be commenced within a certain period of time.

### **TWENTY-THIRD AFFIRMATIVE DEFENSE**

This Court is an inconvenient forum, and this matter, should be dismissed under the doctrine of *forum non conveniens* or transferred pursuant to 28 U.S.C. Section 1404(a).

### **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

In the event that Plaintiff did not or has not any title or interest in the item that are the subject of this action, then Plaintiff is not the real party in interest herein and is not entitled to maintain this suit.

### **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's state law causes of action and Plaintiff's claims for damages resulting therefrom, are preempted by the Carmack Amendment, 49 U.S.C. Section 14706.

### **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Without admitting to the existence of any contract or responsibility, Defendant ANTHONY AUGLIERA, INC. contends that it did not breach any duty or

contract between the parties.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The incident and damages complained of in the Complaint were not a foreseeable consequence of any acts or omission of Defendant.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

No acts or omissions of Defendant was the proximate cause of the incident and damages complained of in the Complaint.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant is entitled to an offset of damages that it may be determined to be liable to pay by the amount of money or other compensation to Plaintiff already received for the alleged damages.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff waived its right to recover indirect, incidental and/or consequential damages that were allegedly caused by the Defendant.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff waived its right of subrogation against the defendant, and/or their insurer(s).

### THIRTY-SECOND AFFIRMATIVE DEFENSE

That all or part of the relief sought by Plaintiff is barred by the applicable statute of limitations.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to properly notify the Defendant of its claim.

### PRAYER

For these reasons, Defendant ANTHONY AUGLIERA, INC. asks the court to enter judgment that plaintiff take nothing, dismiss plaintiff's suit with prejudice, assess costs against the plaintiff and award defendant all other relief the court deems appropriate.

### DEMAND FOR STATEMENT OF DAMAGES

Defendant ANTHONY AUGLIERA, INC. requests that the Plaintiff, within five (5) days, furnish defense counsel with a statement of damages claimed.

**REQUEST FOR DOCUMENTS**

Defendant ANTHONY AUGLIERA, INC. requests copies of all documents referred to in any pleading.

        **Respectfully submitted,**

        **s/_____**  DONNA M. RUSSO, ESQ.
        (DR-7937)
        Attorney for Defendant
        ANTHONY AUGLIERA, INC.
        47 Hunt Lane
        Staten Island, New York 10304
        Telephone (718) 667-7777
        Cellular (201) 247-8808
        Telephone (973) 701-0044
        **Facsimile (973) 701-7171**
        EMAIL: DMRUSSOESQ@aol.com

**THIS DOCUMENT WAS ELECTRONICALLY FILED** via New York's Electronic Case Filing System pursuant to the published Rules, Procedures and Guidelines for the Southern District of New York.

DATED: STATEN ISLAND, NEW YORK
      August 26, 2008

DONNA M. RUSSO (DR-7937)
Attorney for Defendant ANTHONY AUGLIERA, INC.
47 Hunt Lane
Staten Island, New York 10304
Telephone (718) 667-7777
Telephone (973) 701-0044
Cellular (201) 247-8808
Facsimile (973) 701-7171
EMAIL: DMRUSSOESQ@aol.com

----------------------------------------x___
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

DOCKET No. 08CV-3770

FIREMAN'S FUND INSURANCE COMPANY

                                               **CERTIFICATE OF SERVICE**
- against –                                          **AND FILING**


ANTHONY AUGLIERA, INC.


       I, DONNA M. RUSSO, ESQ., attorney for Defendant, ANTHONY AUGLIERA, INC., certify that on August 26, 2008, I served a copy of Defendant ANTHONY AUGLIERA, INC. "ORIGINAL ANSWER" upon DAVID L. MAZAROLI, ESQ., of the law firm of DAVID L. MAZAROLI, attorneys for the Plaintiff Fireman's Fund Insurance Company, telephone number (212) 267-8480, whose address is 11 Park Place, Suite 1214, New York, New York 10007 by filing with the Clerk of the United States District Court of the Southern District of New York by means of electronic mail transmission at the following email address dlm@mazarolilaw.com.  Upon written request of plaintiff's attorney, Defendant shall also forward a hard copy of the filed ORIGINAL ANSWER to David L. Mazaroli, Esq. via U.S. First Class Mail at the following address: 11 Park Place – Suite 1214, New York, New York 10007.

I, DONNA M. RUSSO, ESQ., attorney for Defendant, ANTHONY AUGLIERA, INC., also certify that on August 26, 2008, I directed my legal assistant to file a copy of Defendant ANTHONY AUGLIERA, INC.'s "ORIGINAL ANSWER" with the court via New York's Electronic Case Filing System pursuant to the published Rules, Procedures and Guidelines for the Southern District of New York.

s/_____

**DONNA M. RUSSO (DR-7937)**
**Attorney for Defendant**
**ANTHONY AUGLIERA, INC.**
47 Hunt Lane
Staten Island, New York 10304
Telephone (718) 667-7777
Cellular (201) 247-8808
Telephone (973) 701-0044
**Facsimile (973) 701-7171**
EMAIL: DMRUSSOESQ@aol.com

<u>THIS DOCUMENT WAS ELECTRONICALLY FILED</u> **via New York's Electronic Case Filing System pursuant to the published Rules, Procedures and Guidelines for the Southern District of New York.**

DATED: STATEN ISLAND, NEW YORK
       August 26, 2008